UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH BERRY,<br>a/k/a JOSEPH BARRY,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS CHRISTOPHER TUCKER,<br><br>    Defendant. | Case No. CV410-288 |

## REPORT AND RECOMMENDATION

Plaintiff Joseph Berry, who is currently incarcerated in Telfair State Prison in Helena, Georgia, has filed a 42 U.S.C. § 1983 complaint along with a motion to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision. In addition, this case should be dismissed because plaintiff misrepresented his federal filing history.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28

U.S.C. § 1915. In order to proceed IFP, however, serial-filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to the § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). A "struck" prisoner's complaint is thus dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court who has clearly accumulated the three strikes necessary to bar him from future IFP filings in federal court. *See Berry v. Smith*, No. CV408-201 (S.D. Ga. June 22, 2009) (dismissal for failure to state a claim under § 1983); *Berry v. Mayes*, No. CV408-202 (S.D. Ga. April 2, 2009) (same); *Berry v.*

2

*Savannah Chatham County Metropolitan Police Department*, No. CV408-208 (S.D. Ga. Feb. 27, 2009) (dismissed for lying on the complaint and warned that the dismissal counted as a § 1915(g) strike); *see Berry v. Smith*, No. 09-13570 (11th Cir. Dec. 11, 2009) (dismissing appeal for want of prosecution). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

To fit within § 1915(g)'s "imminent danger" exception, Berry must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350 at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547 at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128 at *1 (M.D. Fla. June 9, 2006)). Berry does not come close to making such a showing. He

3

simply complains of problems with his appointed counsel during a 2008 state criminal action. (Doc. 1 at 5.) Hence, he is barred as a three-striker.[1]

This case also merits dismissal based upon Berry's lack of honesty in completing his form complaint. Question 1(C) asks a plaintiff to disclose whether he ever filed an *in forma pauperis* lawsuit in federal court that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim for relief. (Doc. 1 at 3.) Under penalty of perjury, Berry listed only one of the above-listed cases in an apparent attempt to mislead the Court.[2] (*Id.*)

---

[1] Berry is maddeningly vague in his request for relief -- he asks for the Court to "apply federal laws to the facts of this case and for this court to grant the plaintiff relief that this court deems just proper and equitable." (Doc. 1 at 6.) He asks the Court to "recharacterize this instant complaint/lawsuit if need be in order to place it within a different legal category in order to avoid an unnecessary dismissal." (*Id.*) Since he neither requests release nor compensation, the Court declines to simply relabel this as a habeas corpus action. If he wishes to pursue habeas relief, he may do so on a *form* habeas petition. *See* Rule 2, Rules Governing § 2254 Cases in the United States District Courts.

[2] This isn't the first time he has endeavored to do so. His complaint in *Berry v. Savannah Chatham County Metropolitan Police Department*, No. CV408-208 (S.D. Ga. Feb. 27, 2009), was dismissed for lying in his complaint.

4

The Eleventh Circuit approves of dismissals under the Court's inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); see *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. Once again, Berry has attempted to mislead the Court as to his filing history. An appropriate sanction is to (1) dismiss his claim without prejudice, and (2) warn him that any further false responses on papers

5

submitted to this Court will result in a significant curtailment of his right to proceed IFP.

For all of the reasons explained above, this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __29th__ day of December, 2010.

                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **SOUTHERN DISTRICT of GEORGIA**